**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022[*]
Decided May 6, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3177

| | |
|---|---|
| NORETTA F. BOYD, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-02804-RLY-MJD |
| NABEELA VIRJEE, et al., | Richard L. Young, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Noretta Boyd appeals the denial of her second request for relief from a ruling denying her motion for more time to appeal the dismissal of her third suit contesting

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

her 2013 firing from the Keystone Construction Company. The district court reasonably denied that second request; we therefore affirm.

Boyd has sued over her termination three times. She first sued Keystone in 2014, asserting claims under federal and state law, and the case ended a year later. *See Boyd v. Keystone Constr.*, No. 1:14–cv–119–WTL–MJD, 2015 WL 4427630 (S.D. Ind. July 20, 2015). Boyd sued Keystone-affiliated entities in 2016, and those claims were dismissed as barred by the statute of limitations. *Boyd v. Jacobs Project Mgmt. Co.*, No. 1:16–cv–02028–SEB–TAB, 2017 WL 4340325 (S.D. Ind. Sept. 29, 2017). Her third suit over the lost job, the current one, came in 2019. The district judge allowed Boyd to proceed in forma pauperis, screened her complaint, *see* 28 U.S.C. § 1915(e)(2), and concluded that res judicata barred her claims. The judge dismissed the suit on November 5, 2019.

Boyd did not file a notice of appeal within 30 days of dismissal. Instead, on January 8, 2020—over two months later—she filed a motion to extend the time to appeal. In a detailed order, a magistrate judge denied the motion. *See* 28 U.S.C. § 2107(c). He explained that the court received Boyd's motion 2 days after the 60-day deadline to seek more time, *id.*, and the date (a few days earlier) that Boyd mailed her motion did not determine its date of filing. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604–05 (7th Cir. 2006) ("[T]he Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail.")

Three months after the magistrate judge's ruling, Boyd moved for relief from that decision, citing Rule 60(b) of the Federal Rules of Civil Procedure. The district judge denied the motion. Boyd immediately filed a second Rule 60(b) motion, which the judge also denied. Within two weeks of that ruling, Boyd filed her current notice of appeal.

This appeal is limited to a review of the second order denying relief from the magistrate judge's ruling rejecting Boyd's extension request. A litigant who is dissatisfied with a district judge's denial of a request for more time to appeal may appeal that ruling. *See Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1024–25 (7th Cir. 2021). But the time to appeal a final ruling in a civil case like this is 30 days. 28 U.S.C. § 2107(a); *see also* Fed. R. App. P. 4(a)(1)(A). We will put to the side whether, in order to preserve her objection to the magistrate judge's ruling, Boyd had first to object (which she did not) within 14 days to the district judge. *See* Fed. R. Civ. P. 72(a). We will also put to the side whether Rule 60(b) applies to denials of motions to extend the time to appeal. At all events, the only ruling that Boyd appealed within 30 days of its entry is the order denying Boyd's second motion for relief from the magistrate judge's ruling.

The district judge reasonably denied Boyd's second motion. A motion for relief under Rule 60(b) is committed to the district judge's sound discretion. *See In re Cook Med., Inc.*, 27 F.4th 539, 542 (7th Cir. 2022). Boyd argues that the district judge wrongly agreed with the magistrate judge that she filed her motion to extend the time to appeal too late. She cites Federal Rule of Civil Procedure 5(b)(2)(C), which includes mail as an acceptable form of service on an attorney-represented party, and Indiana's civil-procedure rules, which she asserts provide a three-day grace period for filings by mail. But these arguments are meritless; therefore, the district judge did not abuse his discretion in rejecting them. First, Boyd's motion to extend the time for appeal, filed in court on January 8, 2020, came 2 days after the 60-day deadline for its filing. 28 U.S.C. § 2107(c). (Sixty days after the entry of judgment on November 5, 2019, excluding the final weekend, was January 6, 2020). Second, the date that she dropped her motion in the regular mail does not determine the date of its filing in court. *See Raymond*, 442 F.3d at 604–05. Finally, Indiana's rules of procedure do not govern federal procedure. *See Hanna v. Plumer*, 380 U.S. 460, 473 (1965).

AFFIRMED